Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U S DISTRICT COURT
JUL 5 2000
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

JUL -6 2000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BLACK PROBATION OFFICERS ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE COUNTY OF LOS ANGELES, LOS ANGELES COUNTY PROBATION DEPARTMENT, et al.,<br><br>Defendants. | Case No. CV 94-3432 CAS(SHx)<br><br>FINDINGS OF FACT REGARDING OBJECTIONS TO PROPOSED SETTLEMENT |

This matter came on for hearing on June 2, 2000. Gregory L. Evans of McKenna & Cuneo, L.L.P. and Kevin S. Reed of Strumwasser & Woocher, L.L.P. appeared for plaintiffs. Calvin R. House of Guttierez, Preciado & House appeared for the defendants County of Los Angeles and the Los Angeles County Probation office and Esteban D. Lizardo of Reich, Adell, Crost & Cvitan appeared for defendant Local 685 of the American Federation of State, County and Municipal Employees. Robert T. Olmos of Allred, Maroko & Goldberg appeared for intervenor-plaintiff Los Angeles County Chicano Employees Association.

 1. Prior to the hearing herein on the parties' Joint Motion for Final Approval of the Stipulation and Order Re Settlement, the Court received and reviewed 24 objections by members of the plaintiff classes. Two of these objections were postmarked after the February 14, 2000 deadline, but were

148

considered by the Court. At the hearing on the parties' motion, held June 2, 2000, objectors Esther Lofton, Ron Daniels, Deloris Murphy-Clayton, Alfonso Thompson, Billy Ayers and Art Summroell[1] appeared to express their concerns about and objections to the proposed settlement.

2. These 24 objections raise a variety of concerns regarding the proposed settlement, none of which the Court found sufficient to overcome the showing made by the parties that the settlement is fair, reasonable and adequate.

The Court finds specifically as follows:

### OBJECTIONS OF ESTHER AND LEON LOFTON

3. Mr. and Mrs. Lofton filed two sets of objections to the proposed settlement. Mrs. Lofton appeared at the hearing on June 2, 2000, and objected to the settlement. Mrs. Lofton was previously unsuccessful in her efforts, in 1994, to intervene in this matter as a plaintiff intervener.

4. The Loftons' written and oral objections purport to challenge governance by the County of Los Angeles and the Los Angeles Unified School District. None of their objections deals directly with the matters that are the subject of this action or the specifics of the settlement under review in this motion. The Court finds that the Loftons' objections address issues that are not before the Court, in that the objections are not addressed to the fairness, reasonableness or adequacy of the settlement. Therefore, the Court overrules the Loftons' objections.

### OBJECTION OF CLASS REPRESENTATIVE DELORIS MURPHY-CLAYTON

5. Deloris Murphy Clayton, a class representative, appeared and objected to the settlement on the grounds that she is not being promoted to Probation Director as a result of the settlement. In her written objection she states: "My item is most important not the monetary factor. This practice of discrimination is still in progress as I am submitting this brief note to you."[2] Ms. Murphy-Clayton reiterated these concerns in her oral remarks at the hearing, emphasizing that she is concerned about the circumstances of other African-American probation officers and believes that the defendants continue to

---

[1] Mr. Summroell did not submit a written objection to the settlement prior to the hearing. The Court nonetheless heard and considered the concerns he expressed at the hearing.

[2] "Item," is a term of art within the Department, meaning work position.

engage in the sorts of discriminatory practices that were alleged in the Complaint in this action.

6. On the merits, Ms. Murphy-Clayton's objections raise legitimate concerns, concerns to which counsel remained sensitive throughout the settlement negotiations and which the Court weighed in its decision to find the settlement fair, reasonable and adequate. The relief desired by Ms. Murphy-Clayton — appointment to the position of a supervisor — is sought by other objectors. However, it appears that this relief could not be obtained in the context of this class action due first to defendants' unwillingness to offer it and, more importantly, the inability of class counsel, class representatives or any other available party to determine in any objectively fair manner, who among the class members would be entitled to the limited number of promotions at issue. It is noteworthy that the settlement seeks to remedy future inequities in the nature of those raised by Ms. Murphy-Clayton by providing procedures that will promote structural relief based upon individual merit. Accordingly, the settlement focuses on prospective structural relief as its primary objective and provides for monetary relief that complies fully with settled Supreme Court law.

7. The fact that Ms. Murphy-Clayton is a class representative does not compel a different conclusion. The Manual for Complex Litigation, Third provides:

> The court should not permit representatives, in violation of their fiduciary responsibilities, to place their individual interests ahead of the class's and impede a desirable settlement on behalf of the class. Therefore, while the objections of class representatives must be considered by the court, they do not preclude a settlement that resolves the claims of the class, including those of the representatives.

Manual for Complex Litigation, Third, § 30.44 (1995).

Therefore, the Court finds that Ms. Murphy-Clayton's objections do not provide a basis for disapproving the settlement.

### **OBJECTIONS OF RON DANIELS**

8. Ron Daniels, an African-American Deputy Probation Officer who is not a named plaintiff, submitted over 25 pages of objections to the proposed settlement, attaching three volumes of supporting documentation, consisting largely of newspaper articles and excerpts of reports written by or about Mr.

Daniels.

9. Mr. Daniels appeared at the June 2 hearing and restated his written objections. Mr. Daniels objects to the settlement of the services claims (those claims brought on behalf of members of the community alleging discriminatory allocation of probation services) on the grounds that he believes defendants should be obligated to admit liability and commit more resources for inner-city field services offices. His objections to the settlement of the claims of the employment class are focused on his dissatisfaction that he will not receive any monetary relief despite his claim that he was discriminatorily denied promotion to the rank of Deputy Probation Officer II.

### A. Daniels' Objections to Services Claims

10. Mr. Daniels objects to the terms of the services class settlement on the grounds: 1) that defendant Los Angeles County Probation Department has received federal and state monies to develop the risk/needs assessment instrument required to be refined and validated under the settlement; 2) the High Needs Budget Allocation (through which additional resources are to be directed to those offices where the highest-need probationers are served) is too small; and 3) the Department has violated stipulations attached to federal funding which require the Department to provide aftercare, family reunification and prevention services.

11. At their core, Mr. Daniels' criticisms are that the settlement provides too little for the services claims. Whether greater relief might be available, however, is not the legal standard for measuring the reasonableness of a class action settlement. Such objections are only well-taken only when the objector demonstrates that plaintiffs' likelihood of recovery is greater than suggested by the settlement's proponents, or that the potential recovery of damages has been undervalued and therefore underestimated. See, e.g., Detroit v. Grinnell Corp., 356 F.Supp. 1380 (S.D.N.Y. 1972); aff'd in part, rev'd in part on other grounds, 495 F.2d 448 (2d Cir. 1974). "[U]nder most circumstances, the increased benefits that may be secured are outweighed by the additional time and expense necessary to obtain them." 2 Newberg on Class Actions, § 11.58.

12. Given the novelty and uncertainty of plaintiffs' services claims, the Court finds that the settlement is reasonable and appropriate. The settlement provides plaintiffs with valuable consideration in the form of a right to participate in setting future mechanisms that will assist in the development of non-

discriminatory policies and standards. Perhaps most significant is the requirement of the settlement that the instrument and the process for which it provides comply with Title VI. This requirement, when coupled with the dispute-resolution mechanisms incorporated into the settlement, provides plaintiffs with valuable assurances that the system complained of in this litigation will be changed significantly in a manner that minimizes the discriminatory provision of probation services in the inner city and, should problems arise, they have a voice in solving problems and, ultimately, a relatively swift recourse to this Court.

13. As to Mr. Daniels' second argument, that the High Needs Budget Allocation is too small, this criticism does not overcome the parties' showing in the absence of a claim that, under the circumstances given the strength of plaintiffs' case and the defenses raised, more relief was available to plaintiffs. Mr. Daniels' objection makes no such case. Finally, as to Mr. Daniels' criticism that the Department is in violation of stipulations attached to federal funding, such criticisms are irrelevant to the issues central to this proceeding. The Complaint in this action raises no claims on behalf of class members relating to violations of Title IV-A of the Social Security Act and, therefore, the fact that the proposed settlement does not address those alleged violations does not detract from the overall fairness of the settlement.

14. In all, Mr. Daniels' criticisms of the services settlement do not provide grounds to disrupt the settlement. While the criticisms argue that plaintiffs might have achieved more in this litigation, the Court finds that they provide no basis for the Court to conclude that plaintiffs could have achieved more.

**B.   Mr. Daniels' Criticism of the Employment Claims Settlement**

15. Mr. Daniels devotes 20 of his 28-page criticism of the settlement to a discussion of his own difficulties within the Probation Department. Mr. Daniels' information provides no basis to disapprove the settlement.

16. Mr. Daniels details his personal difficulties in being promoted to the rank of Deputy Probation Officer II. As such, Mr. Daniels' claims do not fall within the scope of the claims made on behalf of the employment class, which focus on policies of the Department that plaintiffs allege prevent the promotion of African-American probation officers to supervisorial or managerial positions — generally thought of as Supervising Deputy Probation Officer and above in the non-detention setting. Mr.

Daniels asserts, however, that had he and others been promoted to the rank of Deputy Probation Officer II, they would have been eligible for relief under this settlement as they would have been qualified to apply for supervisional positions.

17. More basically, however, Mr. Daniels' critique of the settlement's provisions for the settlement class does not address the salient points for this Court's consideration — namely, whether the settlement unjustly enriches named plaintiffs or compromises the employment class claims unfairly. Ultimately, Mr. Daniels concludes his lengthy description of his personal experiences with the unsupported claim that "the proposed settlement agreement excludes from consideration those who have historically been shut out of the promotional process." (Daniels' Obj., p. 24.) The facts do not support this contention, since the heart of the employment claims settlement provides relief to those individuals who plaintiffs allege have been unfairly denied promotions to supervisorial or managerial positions.

18. Again, Mr. Daniels presents concerns which although genuine, do not provide any legitimate basis for the Court to conclude that the settlement is not fair, reasonable and adequate. The focus of the settlement's provisions with respect to the employment class is prospective. The settlement provides important structural relief for members of the class, designed to prevent the sorts of illegality in the promotional process alleged in the Complaint.

### OBJECTIONS OF KATHLENE AUSTIN, WILLIE R. CLARK, PORTRENE FRISON, WILLIE PUCKETT, BEVERLY A. SANDERS, WILLETTE STEWART, EMMA WALSH, MICHAEL WEBB, AND ARBURNOR A. WENDY, JR.

19. Nine of the objections, those of Kathlene Austin, Willie R. Clark, Portrene Frison, Willie Puckett, Beverly A. Sanders, Willette Stewart, Emma Walsh, Michael Webb, and Arburnor A. Wendy, Jr., relate concerns that the settlement provides too little money or other relief to the employment class. With the exception of Kathlene Austin, none of these objections suggests what further relief would be necessary cause them to believe that the settlement sufficient in their opinion. Ms. Austin, like Ms. Murphy-Clayton, suggests "immediate promotion to the position" as an appropriate resolution of the dispute. The remaining eight of these objectors state in varying degrees of generality that "the probation department is unreasonable" (Clark); "the settlement offered does not compensate for the years of not being promoted" (Frison); "not enough for years and years of discriminating against us because of our

Black skin" (Puckett); "[t]his is not a good enough plan for the future, nor enough compensation for the past." (Sanders); "the amount agreed upon would not sufficiently cover the pain and suffering my family has had to endure, nor would it cover all respondents," (Steward); "the amount of monetary awards is not enough to compensate for years of discrimination," (Walsh); "the County should be held to pay a penalty for their wrong doing in the way of punitive damages" (Webb); and "amount agreed upon will not satisfy losses suffered." (Wendy, Jr.)

20. Again, the objectors present understandable grievances; there is little doubt that more class members would feel that the settlement was more fair if it provided for more money to be paid to the class. Indeed, such objections are common in class actions where part of the relief sought in litigation was the payment of money to members of the class. Such objections are well-taken, however, only when they demonstrate that plaintiffs' likelihood of recovery is greater than suggested by the settlement's proponents, or that the potential recovery of damages has been undervalued and therefore underestimated. See, e.g., Detroit v. Grinnell Corp., 356 F.Supp. 1380.

21. The Court finds that the compromise reached in the settlement was reasonable. It provides for payments to those members of the class as to whom liability for back pay by defendants was more likely (though not certain) to be obtained, and provides for payments according to accepted measures of allocation of class-wide damages. The objectors provide no basis for questioning whether more money could be available for more people, and, therefore, the objections provide no basis for finding that the settlement is not fair, reasonable, and adequate.

**OBJECTIONS OF BILLY AYERS, VINCENT CALHOUN, KENNETH I. CLARK, DEBRA M. HAWKINS, BARBARA A. MCLENDON, LUTHER MITCHELL, JR., FESTUS O. OHAN, GALE THOMPSON REEVES, BETTY JEAN TAYLOR, AND ALPHONSO THOMPSON**

22. Ten of the remaining objections, those of Billy Ayers, Vincent Calhoun, Kenneth I. Clark, Debra M. Hawkins, Barbara A. McLendon, Luther Mitchell, Jr., Festus O. Ohan, Gale Thompson Reeves, Betty Jean Taylor, and Alphonso Thompson, present concerns relating to individual grievances against the Department. Two complain that examinations on which they were not promoted are not within that group that will trigger a share in a back pay award (Ayers (SDSO examination), Hawkins (SDSO examination)). The remaining eight describe in varying degrees of generality complaints regarding failure

to receive the promotions to which objectors believe themselves entitled. (Calhoun ("I was delayed promotions . . . due to Spanish promotional period of several years); Clark ("I have not been promoted to a supervisory position since attempting in April of 1994); McLendon ("I have not been promoted to a supervisorial position and my last evaluation was outstanding. Prior to the last rating period I had 3 very good evaluations and will have 28 years of service . . ."); Mitchell ("I have applied for promotions repeatedly over the last twelve years to no avail"); Ohan (complains about a failure to be promoted to Deputy Probation Officer — not a supervisorial or managerial position at issue in plaintiffs' complaint); Reaves ("I was denied my promotion to Supervisor Deputy Probation Officer due to false allegations . . ."); Taylor (attaches copies of evaluations and commendations with no specific complaint regarding position not promoted to); and Thompson ("I was subjected to racially segregated work assignment, denied equal employment in job responsibilities, performance evaluation and promotion to supervisory or management position").)

23. Again, the objectors present apparently sincere concerns, and, again, they present no basis on which this Court could conclude that the settlement is not fair, reasonable and adequate. Eight of these ten objectors provide no basis for concluding that they are not in a position to share in a portion of the back pay awards. The two objectors who raise concerns that their examinations are not among those that will result in back pay awards provide insufficient information from which the Court could conclude that the alleged failures to promote of which they complain constitute a claim under Title VII. To the extent the objectors desire more money for the pain and suffering they believe they have endured, their objections are overruled, since the settlement resolves defendants' liability for back pay awards under Title VII only. However much better each of these objectors believes he or she should have fared in this litigation, it remains the case that each of them will be better off under the settlement than he or she otherwise would have been, given the settlement's provisions concerning prospective structural relief.

### OBJECTIONS OF MIKE MARTINEZ AND NATHANIEL JACKSON

24. The final two objections raised by members of the employment class, Mike Martinez and Nathaniel Jackson, present no ground adequate to overcome the parties' showing that the settlement is fair, adequate and reasonable to all members of the class.

25. The first, by Mike Martinez, states that "several of the named plaintiffs, were defendants

on [sic] my lawsuit filed against the LA County Probation [Department]. Moreover, one of the plaintiff[s] was constantly named on stress claim etc. Further, as a BPOA member the dept. has greater problems than managers objecting to back money." Apparently, Mr. Martinez has sued one or more of the named plaintiffs on unspecified grounds, and for that reason there may be ill-will towards the named plaintiffs. The hostility of a single class member towards one or more named plaintiffs provides no grounds to find that a proposed settlement itself is not fair, adequate, and reasonable for members of the class. Only a showing that the named plaintiffs did not adequately represent the members of the class could disrupt the Courts' finding that the settlement is fair, reasonable and adequate. Mr. Martinez provides no facts or argument that would support such a finding.

26. Finally, Nathaniel Jackson objects to the settlement "because I feel my name should be added to the suit." Absent more information, it is difficult to know whether Mr. Jackson is a member of the class or not. Assuming he is (a fair assumption given the fact he received notice of the settlement), then, of course, his name "is added to the suit." To the extent Mr. Jackson's objection is that he was unfairly excluded from the class as defined, his objection is not to the settlement, but to the Order of Judge Kenyon of July 1997 certifying the classes in this case. In either event, Mr. Jackson presents no argument or evidence that calls into question the reasonableness, fairness or adequacy of the settlement.

## CONCLUSION

27. Having reviewed the briefing of the parties and each of the objections submitted, the Court concludes that the settlement is fair, reasonable and adequate. The objections are insufficient in number (24 from a class that numbers more than one thousand) to overcome the parties' showing that the settlement is fair, reasonable, and adequate to all members of the class. Specifically, the Court finds that: 1) that plaintiffs' prospects of success at trial were good, but uncertain given the novelty of their legal theories; 2) the litigation has generated voluminous discovery on the basis of which the parties negotiated this settlement; 3) the settlement terms are objectively reasonable; 4) all parties are represented by experienced counsel who recommend the settlement; 5) absent the settlement, the litigation would likely last considerably longer before class members would achieve any benefit that might be obtained after a trial and a likely appeal; 6) the settlement was negotiated under the guidance of an experienced neutral third-party; 7) the number of objections received is trivial in comparison to the size of the class; and 8)

1  there is no reasonable claim of collusion or the absence of good faith in the negotiation of the parties. For
2  all of these reasons, the Court finds that the settlement is fair, reasonable and adequate to the members of
3  each class.

5  IT IS SO ORDERED.

6  Dated: _July 5_____, 2000

   _Christina A. Snyde_____
   United States District Judge